KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
THE FAUX LAW GROUP
2625 N. Green Valley Parkway, Suite 100
Henderson, Nevada 89014
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Email: kfaux@fauxlaw.com
         wsiepmann@fauxlaw.com
*Attorneys for The Ohio Casualty Insurance Company*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>v.<br><br>TRAVIS BRANDT, Individually; CHRISTINA BRANDT, Individually; PINNACLE GRINDING AND GROOVING, LLC; SIERRA PACIFIC EQUIPMENT, LLC,<br><br>             Defendants. | CASE NO:<br><br>**COMPLAINT** |

The Ohio Casualty Insurance Company ("OCIC"), by and through its attorneys, Kurt C. Faux, Esq., and Willi H. Siepmann, Esq. of The Faux Law Group, for its Complaint hereby alleges as follows:

**PARTIES**

1.     OCIC is a incorporated under the laws of the State of New Hampshire and has its principal place of business in the State of Massachusetts.

2.     Defendant Travis Brandt is a citizen of the State of Nevada.

1

3. Defendant Christina Brandt is a citizen of the State of Nevada.

4. Defendant Pinnacle Grinding and Grooving LLC ("Pinnacle") is a limited liability company registered in the State of Nevada. On information and belief, the only members of Pinnacle are Travis Brandt and Christina Brandt. Both Travis Brandt and Christina Brandt are citizens of the State of Nevada.

5. Defendant Sierra Pacific Equipment LLC ("Sierra") is a limited liability company registered in the State of Nevada. On information and belief, the only members of Sierra are Travis Brandt and Christina Brandt. Both Travis Brandt and Christina Brandt are citizens of the State of Nevada.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred over this action in accordance with 28 U.S.C. § 1332 as OCIC and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this district under 28 U.S.C § 1391 in that the Defendants are citizens of and reside in the State of Nevada and are subject to personal jurisdiction in this district at the commencement of this action.

## GENERAL ALLEGATIONS

8. OCIC, as surety, issued Performance Bonds and Payment Bonds (collectively, "Bonds"), Nos. 070210887 ("Travis County Bond") and 070218029 ("Johnson County Bond") together with Pinnacle, as principal, in favor of the State of Texas, as obligee, in the penal sums of $425,408.58 and $855,304.73, respectively, to "fully reimburse and repay the State of Texas all outlay and expense which the State of Texas may incur" as a result of Pinnacle's failure to perform the contracts Pinnacle had entered into with the State of Texas for construction projects in Travis County, Texas and Johnson County, Texas.

9.  On or about April 1, 2022, to induce OCIC to issue the Bonds, Christina Brandt, individually, and as Manager of Pinnacle and Sierra, executed a written General Agreement of Indemnity (the "GAI") in favor of OCIC to hold harmless and indemnify OCIC from and for any and all loss or expenses GAIC incurred arising from the existence of the Bonds. A copy of the Bonds is attached hereto collectively as Exhibit 1.

10. On or about April 1, 2022, to induce OCIC to issue the Bonds, Travis Brandt, individually and as Manager of Pinnacle and Sierra, executed the GAI in favor of OCIC to hold harmless and indemnify OCIC from and for any and all loss or expenses OCIC incurred arising from the existence of the Bonds.

11. A copy of the GAI is attached hereto as Exhibit 2.

12. Travis Brandt, Christina Brandt, Pinnacle, and Sierra will be collectively hereinafter identified as "the Indemnitors".

13. Paragraphs 4 and 5 of the GAI require the Indemnitors to indemnify OCIC and post collateral security to protect OCIC.

14. OCIC received claims against the Bonds from the State of Texas asserting that Pinnacle defaulted on its contractual obligations and failed to fully and faithfully perform the contracts for which the Bonds were issued.

15. To date, OCIC has incurred a loss of $211,710.78 on the Travis County Bond in connection with resolving the State of Texas's claim and expenses in the amount of $19,438.40 in connection with its investigation and analysis of the claims submitted on the Bonds. OCIC anticipates that it will also incur a loss on the Johnson County Bond in excess of $250,000.00 in connection with resolving the State of Texas' claim, as well as attorneys' fees and costs in prosecuting this action, such fees and costs being recoverable under the GAI.

///

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

16. OCIC repeats and realleges each and every preceding paragraph as though fully set forth herein verbatim.

17. The Indemnitors entered into the GAI with OCIC wherein the Indemnitors promised and agreed to indemnify and hold harmless OCIC according to the terms of the GAI.

18. Under the GAI, the Indemnitors are jointly and severally liable to the OCIC for all of OCIC's losses and expenses, including attorneys' fees, in connection with claims on the Bonds and prosecuting this lawsuit.

19. The Indemnitors promised in paragraph 4 of the GAI, among others, to exonerate, hold harmless and indemnify OCIC from any Loss:

> Indemnitors shall exonerate, hold harmless, indemnify, and keep Surety indemnified from all liability for Loss. Indemnitors shall pay Surety for Loss promptly upon demand. If Surety makes any Loss payment, Indemnitors agree that in any accounting between Surety and Principals, between Surety and Indemnitors, or either or both of them, Surety is entitled to recover from Indemnitors all disbursements made by it in good faith under the belief that it is or was or might be liable for the sums and amounts disbursed or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

20. The GAI obligates the Indemnitors to reimburse OCIC for interest, attorneys' fees and costs, and any other losses as set forth in the GAI.

21. The Indemnitors promised in paragraph 5 of the GAI to deposit collateral with OCIC to protect OCIC from Loss:

> Upon an Event of Default or determination by Surety that a potential Loss exists, Surety may demand that Indemnitors deposit a sum of money equal to an amount determined by Surety, or collateral security of a type and value satisfactory to Surety, to cover the Loss, whether or not Surety has: (a) established or increased any reserve; (b) made any Loss payment; or (c) received any notice of any claims therefor. At Surety's sole option, this collateral may be in addition to and not in lieu

4

of any other collateral, and Surety may make multiple demands for collateral. Unless the Indemnitors and Surety agree otherwise in writing, Surety shall have the right to use any collateral or any part thereof in payment or settlement of any liabilities for which Indemnitors would be obliged to indemnify Surety and Surety shall have no obligation to invest or to provide a return on any collateral provided.

22. OCIC has demanded collateral in the amount of $459,438.40. The Indemnitors have failed to post the demanded collateral.

23. OCIC has been damaged by the Indemnitors' failure to indemnify OCIC and post collateral in an amount in excess of $75,000.00.

24. It has been necessary for OCIC to obtain the services of an attorney to prosecute its claims herein and OCIC is entitled to recover the attorneys' fees and costs including those necessary to enforce the terms of the GAI.

## SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY

25. OCIC repeats and realleges each and every preceding paragraph as though fully set forth herein.

26. The Indemnitors requested OCIC, as surety, to issue the Bonds.

27. As part of this request and in consideration of the issuance of the Bonds, the Indemnitors agreed to fully indemnify and hold harmless OCIC from and against any claims or demands or actions or legal expense of any kind or nature, including attorneys' fees and costs, for which OCIC is liable or may become liable by reason of such suretyship undertaking.

28. The Indemnitors agreed that this indemnification would be provided upon demand whether or not OCIC shall have paid the same at the time of demand.

29. If the Court does not find the GAI enforceable, then OCIC asserts its right of equitable indemnification. OCIC is entitled to recover against the Indemnitors all monies paid, costs incurred, and attorneys' fees expended as a result of the issuance of the Bonds.

5

30. OCIC has been damaged by the Defendants' failure to indemnify in an amount in excess of $75,000.

31. It has been necessary for OCIC to obtain the services of an attorney to prosecute its claim herein and it is entitled to recover the attorneys' fees and costs including those necessary to enforce the terms of the GAI.

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

32. OCIC repeats and realleges each and every preceding paragraph as though fully set forth herein.

33. An actual controversy has arisen and now exists between OCIC and the Indemnitors concerning their respective rights and duties under the GAI. OCIC contends that by virtue of the GAI, the Indemnitors are obligated to reimburse OCIC for any and all losses it has sustained or will sustain under the Bonds, including attorneys' fees and costs, or any other costs which may be incurred in connection with the Bonds or the GAI. OCIC is informed, believes, and therefore alleges that the Indemnitors deny their obligations to honor their contractual obligations under the GAI and deny that they are obligated to reimburse OCIC for any costs, expenses, or attorneys' fees incurred by OCIC as stated herein.

34. OCIC desires a judicial determination of the respective rights and duties of OCIC and the Indemnitors under the GAI, and a declaration that the Indemnitors are obligated to reimburse OCIC for all losses sustained by OCIC including attorneys' fees and costs, and to hold OCIC harmless from all damages, losses, judgments, or other expenses which OCIC may incur as a result of the default of the Indemnitors.

### FOURTH CAUSE OF ACTION FOR QUIA TIMET

35. OCIC repeats and realleges each and every preceding paragraph as though fully set forth herein.

6

36. The Indemnitors are obligated under the doctrine of *Quia Timet* to post collateral security to OCIC to secure OCIC from all claims, losses, and expenses either feared or to be incurred as a consequence of the Bonds issued by OCIC on behalf of the Indemnitors.

37. OCIC has no adequate remedy at law for the protection to which it is entitled. OCIC believes that the Indemnitors may transfer their assets in derogation of the legal and equitable rights of OCIC. If the Indemnitors are not enjoined immediately from transferring their assets, the assets may be disposed of permanently, and the Indemnitors may render themselves insolvent, all to the prejudice of OCIC. The Indemnitors should be preliminarily and permanently enjoined from transferring assets and ordered to post collateral with OCIC sufficient to protect OCIC's interests.

38. As a proximate result of the Indemnitors' conduct, OCIC has been or may be damaged so long as the Indemnitors are able to circumvent their obligations to OCIC under the GAI by transferring their assets.

39. It has been necessary for OCIC to obtain the services of an attorney to prosecute its claim herein and it is entitled to recover the attorneys' fees and costs including those necessary to enforce the terms of the Indemnity Agreement.

### FIFTH CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

40. OCIC repeats and realleges each and every preceding paragraph as though fully set forth herein.

41. The Indemnitors entered into the GAI in consideration of the execution of the Bonds by OCIC. The GAI signed by the Indemnitors provides that the Indemnitors are required to indemnify, hold harmless, post collateral security, and to issue prompt payment.

42. OCIC's remedy at law is inadequate in that OCIC is exposed to liability which is not fully liquidated at this time. Specific performance enforcing the obligation to post collateral security is necessary.

43. It has been necessary for OCIC to obtain the services of an attorney to prosecute its claim herein and it is entitled to recover the attorneys' fees and costs including those necessary to enforce the terms of the GAI.

WHEREFORE, OCIC prays as follows:

1. For an order that the Indemnitors are obligated to reimburse OCIC for any and all losses it has sustained or will sustain under the Bonds, including attorneys' fees and costs and any other costs incurred, or any costs which may be incurred as a result of the failure of the Indemnitors to complete the required work.

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining the Indemnitors as well as their agents, servants, employees, and all persons acting under, in concert with, or for them to post collateral in the amount determined by OCIC, enjoining them and restraining them from selling, transferring, disposing, pledging, encumbering, or liening their assets and property unless and until the Indemnitors have posted sufficient collateral as described above.

3. For an order of specific performance requiring the Indemnitors to post collateral as requested by the GAI.

4. For compensatory damages in excess of $75,000.00, with the actual amount of compensatory damages to be proven at trial;

5. For pre-judgment and post-judgment interest at the maximum legal rate;

///

///

///

///

///

///

8

6. For attorneys' fees and costs incurred herein; and,

7. For such other and further relief as may be deemed just and reasonable by this Court as shown by the evidence to be offered herein.

DATED this 13th day of October, 2023.

                                    THE FAUX LAW GROUP

                                    By: /s/ Kurt C. Faux
                                           KURT C. FAUX, ESQ.
                                           Nevada Bar No. 003407
                                           WILLI H. SIEPMANN, ESQ.
                                           Nevada Bar No. 002478
                                           2625 N. Green Valley Parkway, Suite 100
                                           Henderson, Nevada 89014
                                           *Attorneys for Ohio Casualty Insurance Company*

9