UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br>TRAVIS BRANDT, *et al.*,<br>Defendants. | Case No. 3:23-cv-00502-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

Plaintiff The Ohio Casualty Insurance Company sued Defendants Travis Brandt, Christina Brandt, Pinnacle Grinding and Grooving, LLC, and Sierra Pacific Equipment, LLC to recover money Plaintiff was forced to spend to honor Performance Bonds and Payment Bonds Nos. 070210887 ("Travis County Bond") and 070218029 ("Johnson County Bond") after Defendants failed to satisfactorily complete two public works projects in Texas. (ECF No. 1.) Before the Court is Plaintiff's motion for summary judgment. (ECF No. 23 ("Motion").) As further explained below, the Court will grant the Motion as to all Defendants except for Pinnacle, which has filed for bankruptcy, because Plaintiff has shown it is entitled to summary judgment and Defendants have not substantively opposed the Motion.

**II.    BACKGROUND**

The Court first describes the pertinent factual background, and then describes the limited procedural history pertinent to appropriate resolution of the Motion.

**A.    Factual Background**

Plaintiff issued the Travis County Bond and Johnson County Bond as a surety to guarantee Defendants' performance on public works projects that Defendants contracted

to complete for the State of Texas. (ECF No. 23 at 5.) Defendants entered into a general indemnity agreement with Plaintiff requiring them to indemnify and hold harmless Plaintiff for any losses Plaintiff incurred arising from the Bonds. (*Id.* at 5-6; *see also id.* at 26-27, 37-43.) Plaintiff incurred losses of $211,710.78 as to the Travis County Bond and $248,437.61 as to the Johnson County Bond. (*Id.* at 29.) Defendants were required to repay these amounts to Plaintiff under the general indemnity agreement but have not. (*Id.* at 29.) At the time Plaintiff filed its Motion, it had incurred $12,059.80 in attorneys' fees and costs in this lawsuit. (*Id.* at 30.) By that same time, Plaintiff had incurred $27,913.90 in other expenses, and $32,596.20 in interest had accrued on the sums Defendants owed Plaintiff. (*Id.*)

### B. Procedural History

Plaintiff filed this case in October 2023. (ECF No. 1.) Defendants answered in November 2023. (ECF No. 8.) Defendants' attorneys from the law firm Maupin, Cox, and LeGoy signed the answer on Defendants' behalf. (*Id.* at 5.) In the end of January 2024, Maupin, Cox, and LeGoy moved to withdraw as counsel for Defendants Travis Brandt and Christina Brandt. (ECF No. 18.) United States Magistrate Judge Carla Baldwin granted that motion on February 9, 2024. (ECF No. 19.) Thus, at that time, the Brandts began proceeding pro se.

Meanwhile, Pinnacle filed for bankruptcy protection on February 1, 2024. (ECF No. 23 at 117-176.)[1] Plaintiff filed a proof of claim in that proceeding on February 15, 2024. (*Id.* at 177-190.)

///

---

[1] Plaintiff asks the Court to take judicial notice of the fact that Pinnacle filed this petition. (ECF No. 23 at 4-5.) The Court grants Plaintiff's request and takes judicial notice of the fact that Pinnacle filed for bankruptcy because that proceeding is related to this one. *See Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1069 n.3 (9th Cir. 2021) (taking judicial notice of a related copyright case); *Glassey v. Amano Corp.*, No. C-05-01604RMW, 2006 WL 889519, at *1 (N.D. Cal. Mar. 31, 2006), *aff'd*, 285 F. App'x 426 (9th Cir. 2008) (taking judicial notice of prior proceedings between the parties "before the bankruptcy court and the California Superior Court" because they directly related to the claims in that case). The Court further takes judicial notice of the fact that bankruptcy case is currently open. *See In re Pinnacle Grinding and Grooving*, Case. No. 24-50103-hlb (Bankr. D. Nev. Filed Feb. 1, 2024).

Plaintiff filed its Motion in June 2024. (ECF No. 23.) Attorneys from the law firm Maupin, Cox, and LeGoy timely filed a response to the Motion on behalf of Pinnacle and Sierra Pacific stating that they were unable to prepare an effective response to the Motion because the Brandts, the sole managers of those two entities, indicated they did not wish Maupin, Cox, and LeGoy to continue representing Pinnacle and Sierra Pacific but would not tell the attorneys whether they had secured replacement counsel. (ECF No. 25.) In October 2024, Plaintiff filed a notice of non-opposition letting the Court know that the Brandts never responded to the Motion, and highlighting how Sierra Pacific's response was effectively a non-response. (ECF No. 27.) "Accordingly, [Plaintiff] requests the Court grant [Plaintiff's] Motion for Summary Judgment Against Defendants Travis Brandt, Christina Brandt, and Sierra Pacific Equipment LLC." (*Id.* at 2.)

### III.     DISCUSSION

The fact that Plaintiff is not requesting summary judgment against Pinnacle reflects the undisputed facts that Pinnacle filed for bankruptcy protection and that case is currently open. (ECF Nos. 23 at 4-5, 25 at 2.) *See also In re Pinnacle Grinding and Grooving*, Case. No. 24-50103-hlb (Bankr. D. Nev. Filed Feb. 1, 2024) (indicating the case is still open from a review of the docket). The automatic stay accordingly applies as to Pinnacle, and the Court cannot enter judgment against Pinnacle at this time. *See, e.g.*, *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (explaining that filing a bankruptcy petition creates a broad, automatic stay, which causes, "an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." (citation omitted)).

However, Plaintiff has shown it is entitled to summary judgment against the Brandts and Sierra Pacific. *See Zoslaw v. MCA Distrib. Corp.*, 1, 883 (9th Cir. 1982) (stating that the moving party bears the burden of showing that there are no genuine issues of material fact). The Brandts signed the general indemnity agreement with the Surety, defined as any member of the Liberty Mutual Group, both individually and on

behalf of Sierra Pacific. (ECF No. 23 at 37-38, 41-42.) Plaintiff is a member of Liberty Mutual Group. (*Id.* at 24.) Plaintiff received claims against the Travis County Bond and Johnson County Bond and paid them. (*Id.* at 27-29.) Plaintiff accordingly incurred losses covered by the general indemnity agreement between it, Sierra Pacific, and the Brandts. (*Id.* at 26-29.) They have not repaid Plaintiff for these losses, though they were required to under the general indemnity agreement. (*Id.* at 29.)

The general indemnity agreement Sierra Pacific and the Brandts signed is enforceable against them. *See Transamerica Premier Ins. Co. v. Nelson*, 878 P.2d 314, 317 (Nev. 1994); *see also Travelers Cas. & Sur. Co. of Am. v. Big Town Mech., LLC*, No. 2:12-CV-02072-APG, 2013 WL 5818601, at *3 (D. Nev. Oct. 8, 2013). The declaration from Jeff Olson Plaintiff attached to the Motion is prima facie evidence of the amount of Plaintiff's losses. *See id.* (*See also* ECF No. 23 at 23-31.) Neither the Brandts nor Sierra Pacific proffered any competing evidence suggesting that Plaintiff's proffered loss amounts are incorrect. *See supra.* And Plaintiff's losses that the Brandts and Sierra Pacific must now repay include attorneys' fees and costs. *See Transamerica Premier Ins. Co.*, 878 P.2d at 317-18.

The Court accordingly finds that Plaintiff is entitled to summary judgment against Defendants Travis Brandt, Christina Brandt, and Sierra Pacific Equipment, LLC. Those Defendants owe Plaintiff the principal amount of $460,148.39, expenses of $27,913.90, together with incurred attorneys' fees and costs of $12,059.80, which continue to be incurred, plus prejudgment interest of $32,596.20 with the daily rate as specified at ECF No. 23 at 21 until judgment is entered, and post-judgment interest accruing at the legal rate, until paid in full.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 23) is granted as specified herein.

It is further ordered that Plaintiff's claims against Pinnacle are stayed and Plaintiff may seek to reopen the case after the bankruptcy stay is lifted.

The Clerk of Court is directed to enter judgment accordingly—in Plaintiff's favor—and close this case.

DATED THIS 22nd Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE